UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Edgar Cisneros, Jr.,<br><br>Defendant. | Case No. 14-cr-00402 (MJD/HB)<br><br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant Edgar Cisneros, Jr.'s, six non-dispositive pre-trial motions [ECF Nos. 23, 24, 25, 26, 27, 28]. The case was referred for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. With Defendant's consent, the Court held a remote hearing on September 27, 2021, and took the motions under advisement at that time. The Court finds those motions appropriate for summary disposition and will resolve them accordingly.

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Motion for Pretrial Disclosure of 404 Evidence [ECF No. 23] is **GRANTED** to the extent the motion seeks disclosure of information that is within the scope of Rule 404(b).

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [ECF No. 24] is **GRANTED** to the extent Defendant seeks disclosure of favorable evidence pursuant to *Brady*

*v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

3. Defendant's Pretrial Motion for Discovery and Inspection [ECF No. 25] is **GRANTED** to the extent Defendant seeks discovery consistent with Federal Rule of Criminal Procedure 16.

4. Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview [ECF No. 26] is **DENIED WITHOUT PREJUDICE**. In seeking to compel disclosure of the confidential informant, the Defendant "bears the burden of demonstrating the need for disclosure," and the Court "must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). In doing so, courts must weigh several factors, including, chiefly, whether the confidential source's evidence is material to the case. *See id.*; *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) ("In determining whether disclosure is required, the threshold issue is whether the informant is a material witness."). "A trial court abuses its discretion if it orders disclosure absent a showing of materiality." *Harrington*, 951 F.2d at 877. Here, Defendant has made no showing of the materiality of this information. The Government states in its opposition memorandum that law enforcement officials initially received information from a confidential source, but that a search and seizure was conducted without the source's participation, and the indictment was secured "solely

upon the observations and seizures of the police, and the expected testimony of its witnesses." (Gov't Resp. at 6 [ECF No. 31].) The Government also states that to the extent any informant will be called as a witness at trial, it will provide Jencks Act and *Giglio* material on the witness at least three days before trial. (*Id.* at 8.) The Court cannot conclude, on the information currently before it, that the identity of the confidential source is material to Defendant's case. If, however, there are developments in the case that would support a finding that the confidential informant's evidence is material to the case, Defendant may refile his motion and seek to make such a showing.

5. Defendant's Motion for Early Disclosure of Jencks Act Material [ECF No. 27] is **DENIED**. *See United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984) ("Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so."). The Government has represented that it will provide the Defendant with all Jencks Act material three business days prior to trial, so long as the Defendant commits to the same.

6. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence [ECF No. 28] is **GRANTED** as to retention and preservation only.

Dated: September 28, 2021

                                            *s/ Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge